UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 13 |
| Maishon T. Cooper and<br>Carrie K. Cooper, | Case Number 17-49077 |
| | Hon. Mark A. Randon |
| Debtors.<br>_____/ | |

## OPINION AND ORDER APPROVING ATTORNEY STEPHEN D. PARKER'S APPLICATION FOR COMPENSATION

**I.  INTRODUCTION**

Seeking relief from mounting business debts, Maishon and Carrie Cooper ("Debtors") retained Attorney Stephen D. Parker to file a joint Chapter 13 bankruptcy. After Debtors voluntarily dismissed their case–and three days before filing Chapter 7 on their behalf–Attorney Parker submitted an application for pre-confirmation attorney fees. The Chapter 7 Trustee and a creditor, Fleet Capital, Inc., object. They contend that the $7,762.56 being held by the Chapter 13 Trustee is now property of Debtors' Chapter 7 estate; the attorney fee is a dischargeable debt in the Chapter 7 case; and, although Attorney Parker did the work, he does not have an administrative expense claim that can be paid from property of the Chapter 7 estate.

For the reasons indicated below, the Court **APPROVES** Attorney Parker's application for compensation and directs the Chapter 13 Trustee to pay his fees from the funds on hand, before remitting any remaining balance to the Chapter 7 Trustee.

1

## II. FACTS

Debtors filed Chapter 13 bankruptcy on June 19, 2017; a Chapter 13 plan was filed on July 13, 2017, but was never confirmed. On May 2, 2018, Debtors sought to voluntarily dismiss their case. The request was granted on May 3, 2018. At the time of dismissal, the Chapter 13 Trustee had $7,762.56 on hand.

On May 6, 2018, Attorney Parker filed his first and only application for compensation, requesting $7,700.00 in fees for services rendered from May 5, 2017, through May 4, 2018. To date, Attorney Parker has not received any compensation for work he performed in the Chapter 13 case. On May 9, 2018, Attorney Parker filed a Chapter 7 bankruptcy on Debtors' behalf.

Fleet Capital and the Chapter 7 Trustee object to the application for compensation. Although neither party argues that the fees sought are unreasonable, they contend the fees are no longer collectable from the funds on hand in the Chapter 13 bankruptcy because that case has been dismissed; therefore, the fees must be treated as any other unsecured claim in the Chapter 7 bankruptcy.[1] The Court focuses on the timeliness of the application and whether or not Attorney Parker is entitled to payment from the Chapter 13 Trustee.

## III. JURISDICTION

---

[1] The Chapter 7 Trustee's objection indicates that "it appears as if the services were rendered and a significant discount has been applied[.]"

2

The Court has jurisdiction under 28 U.S.C. § 1334(b). Notwithstanding the dismissal of this case, the Court retains jurisdiction to adjudicate issues related to compensation of professionals. *Dery v. Cumberland Cas. & Sur. Co. (In re 5900 Associates, Inc.)*, 468 F.3d 326, 330-31 (6th Cir. 2006). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)-(B).

IV. **ANALYSIS**

Attorney Parker seeks approval of $7,700.00 in pre-confirmation fees. Several provisions of the Bankruptcy Code and rules of procedure are implicated in the Court's determination of the award of fees following a voluntary dismissal, and his right to receive payment for any such award.

A. *Attorney Parker's Application for Compensation Complies with the Bankruptcy Code and Rules*

Attorney Parker's application seeks compensation for representing Debtors in the Chapter 13 bankruptcy. Section 330 of the Bankruptcy Code is the starting point:

> In a . . . chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B). Section 503, in turn, allows for payment of administrative expenses, including compensation and reimbursement awarded under section 330. 11 U.S.C. § 503(b)(2).

The procedure for obtaining compensation is outlined in Federal Rule of

3

Bankruptcy Procedure 2016. Rule 2016(a) provides that "[a]n entity seeking interim or final compensation for services . . . from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." The Sixth Circuit has also recognized that Rule 2016(b) requires an attorney for a debtor to file "a detailed statement of services rendered and expenses incurred." *In re 5900 Associates, Inc.*, 468 F.3d at 329.

Attorney Parker properly filed the application seeking court approval of his fees as an administrative expense under sections 330 and 503. He also complied with Rule 2016 by attaching to his application an itemized account of the services rendered and time expended.

### B. *Attorney Parker's Application for Compensation is Timely*

Regarding the timeliness of administrative expense claims, section 503(a) indicates that "an entity may timely file a request for payment of an administrative expense, or may tardily file such a request if permitted by the court for cause." 11 U.S.C. § 503(a).

The Federal Rules of Bankruptcy Procedure do not prescribe time limits for the filing of requests for allowed administrative expenses. *See Hall Fin. Grp, Inc. v. DP Partners, Ltd. P'ship (In re DP Partners Ltd. P'ship)*, 106 F.3d 667, 671-72 (5th Cir. 1997) (noting that section 503(a) is intentionally vague and broad). Likewise, the Bankruptcy Code does not establish a deadline to request an administrative expense. *See In re Hirsch*, 550 B.R. 126, 147 (Bankr. W.D. Mich. 2016) ("nothing in section 349, whether explicitly or implicitly, establishes a deadline to request an administrative

expense").[2]

Instead, bankruptcy courts are generally vested with the authority to establish the time by which a request for an administrative expense must be made, including those related to compensation. *Id.* at 146 (citing *In re DP Partners Ltd. P'ship*, 106 F.3d at 672 (recognizing bankruptcy judges have discretion to set bar dates for administrative expenses)).

Attorney Parker filed his application for compensation three days after the Chapter 13 bankruptcy was voluntarily dismissed. Because an attorney is required to seek dismissal promptly upon a debtor's request, it would not have been practical for Attorney Parker to request attorney fees before seeking dismissal. *In re Hirsch*, 550 B.R. at 144; *see also In re Fox,* 140 B.R. 761, 763-64 (Bankr. D. S.D. 1992) (recognizing impracticality of requiring fee application before dismissal). Attorney Parker is required to place Debtors' interests above his own pecuniary interests. *See e.g.*, Mich. R. Prof. Cond. 1.2 (attorney shall abide by decisions of client); Mich. R. Prof. Cond. 1.3 (attorney shall act with reasonable diligence and promptness); *see also In re Radzikowski*, 507 B.R. 798, 801 (Bankr. W.D.N.Y. 2014) (attorney for debtors in dismissed Chapter 13 case required to represent debtors' interests, not self interest by first seeking payment upon dismissal).

Neither the Bankruptcy Code nor applicable rules require a finding that a post-

---

[2] 11 U.S.C. § 349 governs the effect of dismissal.

5

17-49077-mar    Doc 79    Filed 06/28/18    Entered 06/28/18 12:59:29    Page 5 of 9

dismissal request for an administrative expense is untimely. As such, the Court declines to impose a deadline that would deny Attorney Parker an otherwise allowed administrative expense. Attorney Parker's application for compensation is timely and will be allowed.

### C. *Attorney Parker is Entitled to Payment of his Administrative Expense Claim*

The allowance of an administrative expense does not equate to payment. *See In re Sweports, Ltd.*, 777 F.3d 364, 366-67 (7th Cir. 2015) (bankruptcy court could approve fees and expenses even though no funds were available for distribution after dismissal); *In re Fox*, 140 B.R. at 765 (recognizing that no guarantee of payment exists even if administrative expense is allowed).

Section 349(b) addresses the disposition of estate assets upon the dismissal of a bankruptcy case:

> *Unless the court, for cause, orders otherwise*, a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349(b)(3) (emphasis added). Section 349, therefore, contemplates a situation where funds are not returned to a debtor upon dismissal, allowing for a post-dismissal distribution to claimants, including holders of administrative expense claims. *In re Hirsch* 550 B.R. at 147.[3] Likewise, section 1326 allows for the payment of administrative

---

[3] The Court is persuaded that the Supreme Court decision in *Harris v. Viegelahn*, ___ U.S. ___, 135 S.Ct. 1829, 191 L.Ed.2d 783 (2015) does not apply to this case. *See e.g., In re Fairnot, infra*.

expense claims when a Chapter 13 plan is not confirmed:

> If a plan is not confirmed, the trustee shall return any . . . payments not previously paid and not yet due and owing to creditors . . . to the debtor, *after deducting any unpaid claim allowed under section 503(b)*.

11 U.S.C. § 1326(a)(2) (emphasis added).

The objecting creditor and Chapter 7 Trustee assert that the funds on hand at the time of dismissal are property of Debtors' Chapter 7 estate under 11 U.S.C. § 1326(a)(2). This interpretation is misplaced. Under section 1326(a)(2), the Chapter 13 Trustee is explicitly directed to satisfy unpaid administrative expense claims filed under section 503(b) prior to returning funds to Debtors. This is true when the Chapter 13 bankruptcy is dismissed pre-confirmation: "[u]nlike a case converted from chapter 13 to chapter 7, which is no longer governed by any chapter 13 provision, certain provisions of chapter 13–*e.g.*, § 1326(a)(2)–statutorily and necessarily apply in a chapter 13 case that has been dismissed but not yet closed." *In re Kirk*, 537 B.R. 856, 859 (Bankr. N.D. Ohio 2015). "If a case is not confirmed or converted, the trustee's services are not terminated . . . and the trustee still has authority to disburse funds pursuant [to] § 1326(a)(2)." *White & Associates, P.C. v. Fessenden (In re Wheaton)*, 547 B.R. 490, 497 (B.A.P. 1st Cir. 2016); *see also In re Fairnot*, 571 B.R. 767, 771 (Bankr. E.D. Mich. 2017) ("[W]hen a Chapter 13 case is dismissed before a plan is confirmed, the Chapter 13 trustee can and must pay any allowed administrative expenses under § 503(b) before returning any accumulated plan payments to the debtor.").

There are scenarios, however, in which courts have found that even timely and properly filed administrative expense claims should or could not be paid. For example, *In re Hirsch* found that it was inappropriate for the law firm to receive compensation from funds that arguably should have been returned to the debtor upon entry of the dismissal order, where the firm failed to provide debtor with notice that it was seeking payment of attorney fees. *In re Hirsch*, 550 B.R. at 149 (citing Mich. R. Prof. Cond. 1.4 (attorney must explain matter to extent necessary to permit client to make informed decisions); Mich R. Prof. Cond. 1.7(b) (requiring informed consent)). Similarly, in *In re Sweports*, the court found that where the Chapter 13 estate had no assets remaining, allowed administrative claims could not be paid. *In re Sweports*, 777 F.3d at 335. No such scenario is present in this case.

Unlike in *In re Hirsch*, Attorney Parker's application for compensation included the signatures of both Debtors, certifying that they not only had notice that Attorney Parker sought to be compensated from funds which otherwise would be returned to Debtors, but also explicitly approved of the arrangement. Additionally, the Chapter 13 Trustee still has sufficient funds on hand to cover the requested compensation, as contemplated in *In re Sweports*.

It stands to reason that if the Chapter 13 Trustee holds funds that must first be used to satisfy Attorney Parker's administrative expense claim, those funds are not Debtors' property. As such, they are not property of the Chapter 7 estate. *Wehrwein v. Roach (In re Kerr)*, 570 B.R. 74, 77 (Bankr. N.D. Ind. 2017) (the Chapter 7 Trustee is entitled to all

8

17-49077-mar    Doc 79    Filed 06/28/18    Entered 06/28/18 12:59:29    Page 8 of 9

property of the Chapter 7 bankruptcy estate, which does not include counsel's Chapter 13 allowed fees).

V. **CONCLUSION**

The Court **APPROVES** Attorney Parker's fee application and finds cause to permit Attorney Parker's administrative expense claim to be satisfied from the funds still held by the Chapter 13 Trustee, pursuant to sections 349(b) and 1326(a)(2).

**Signed on June 28, 2018**

/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**